**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVID MOTSENBOCKER et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WACHOVIA MORTGAGE, et al.**<br><br>Defendants. | **1:09-cv-01916-OWW-DLB**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT PREJUDICE (Doc. 21)** |

### I. INTRODUCTION.

On October 28, 2009, David Motsenbocker and Cheryl Motesenbocker ("Plaintiffs") filed this action alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.*, in addition to various state law claims. (Doc. 1, Original Complaint). Defendants Wachovia Mortgage, World Savings Bank, FSB, Global Equity Lending, Inc., and Danny Hockenberger ("Defendants") filed a Motion to Dismiss the original complaint and Motion to Strike various allegations on November 25, 2009. (Doc. 7).

Plaintiff filed a first amended complaint ("FAC") on February 15, 2010. (Doc. 12). The FAC abandons the federal claims stated in the original complaint. (FAC at 1). Defendants filed a motion to dismiss the FAC and motion to strike certain allegations from the

1

FAC on March 1, 2010.  (Docs. 14, 15).  Plaintiff filed a statement of non-opposition to Defendants' motion to dismiss and motion to strike on May 3, 2010.  (Doc. 20).

Plaintiff filed a motion to dismiss the FAC for lack of jurisdiction on May 3, 2010.  (Doc. 21).

## II. Discussion.

When the federal claims that served as the basis for the Court's original jurisdiction are eliminated, federal courts may, in their discretion, decline to assert supplemental jurisdiction over the remaining state law causes of action, and dismiss them without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  It generally is preferable for a federal court to decline to assert supplemental jurisdiction where basis for federal jurisdiction is eliminated during early stages of the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, Plaintiff has filed an amended complaint that abandons the federal causes of action initially pled in the original complaint.  Under well settled Ninth Circuit precedent, dismissal without prejudice is appropriate in this case, as there is no longer any basis for federal jurisdiction. *See id*.  Plaintiff's motion to dismiss is GRANTED, without prejudice.  Defendants' motion to dismiss and motion to strike are MOOT.

## Order.

For the reasons stated, IT IS ORDERED:

1) Plaintiff's first amended complaint is DISMISSED, without prejudice; and

**2**

   2) Defendant's motion to dismiss the first amended complaint
      is DENIED as moot.

IT IS SO ORDERED.

**Dated:   May 18, 2010**           **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE